FILED
COURT OF APPEALS
DIVISION II

2015 MAR 17 AM 8: 43

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46077-7-II |
| Respondent, | |
| v. | |
| LAMONT M. BROUSSARD, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Lamont Broussard appeals his conviction for failing to register as a sex offender. Broussard argues that the trial court erred in denying his motion for a continuance because he needed more time to obtain an expert's report to support that his theory that his mental condition prevented him from knowingly failing to register. In his statement of additional grounds (SAG), Broussard also argues that, (1) his conviction for failure to register as a sex offender should be reversed because he no longer had a duty to register in 2013 and the registration requirement constitutes cruel and unusual punishment, (2) he is entitled to mental health treatment as an alternative to confinement, and (3) his sentence exceeded the statutory maximum.

We hold that Broussard has failed to demonstrate that the denial of a continuance prejudiced him or that the outcome of the trial would have been different had the continuance been granted. In addition, we hold that Broussard's SAG contentions have no merit. Accordingly, we affirm Broussard's conviction.

## FACTS

In July 2013, Broussard was charged with felony failure to register as a sex offender. After questions about Broussard's competency were raised, the trial court ordered that Broussard undergo an evaluation to determine whether he was competent to stand trial. After reviewing the evaluation report, the trial court entered an order stating that Broussard was competent to understand the proceedings and to assist in his defense. Trial was set for December 30, 2013.

On December 12, the trial court granted Broussard's motion for a continuance to finalize preparation for a mental health defense. On January 23, 2014, the trial court granted a joint motion for another continuance because of scheduling conflicts, and the trial was set for February 11.

On the day of trial, Broussard's counsel told the presiding court that Dr. Mark Duris had conducted a mental health evaluation of Broussard. Defense counsel stated that Dr. Duris had informed him of the results, and they essentially were the same as an evaluation done in an earlier prosecution. Defense counsel did not state what Dr. Duris had told him, but Broussard was unhappy with both evaluations. The prosecutor represented that neither evaluation showed that Broussard's mental health issues rose to the legal standard of some type of defense.

Broussard's counsel stated that Dr. Duris had not yet prepared a written report, and therefore he was not ready to go to trial. However, after learning that Dr. Duris had the same opinions as a previous evaluator, the presiding court stated that it was sending the case to trial on that day. When the case was assigned to the trial court, Broussard renewed his motion for a continuance. The trial court denied the motion.

2

In a bench trial, Broussard presented a defense that his mental illness prevented him from knowingly failing to register because he did not understand what was real at the time. The trial court found Broussard guilty of failure to register as a sex offender. The trial court sentenced him to 43 months total confinement and 36 months community custody.

Broussard appeals his conviction and sentence.

## ANALYSIS

A.    DENIAL OF THE MOTION FOR A CONTINUANCE

Broussard argues that the trial court's denial of his motion for a continuance was an abuse of discretion because it denied him of his right to prepare and present evidence material to his defense – that his mental illness prevented him from "knowingly" failing to register. Specifically, Broussard maintains that the trial court's denial of a continuance prevented him from obtaining Dr. Duris's written report concerning Broussard's mental health. We hold that the trial court did not abuse its discretion because the record does not show that Broussard was prejudiced by the denial of the continuance or that the outcome of the trial would likely have been different had the continuance been granted.

The decision to grant or deny a continuance rests within the sound discretion of the trial court. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Id.* We will not disturb the trial court's decision unless the appellant makes a clear showing that the trial court's discretion is manifestly unreasonable or exercised on untenable grounds. *Id.*

3

However, the failure to grant a continuance may violate due process and/or the right to compulsory process if the denial prevents the defendant from presenting a witness material to his defense. *Id.* at 274-75. Whether the denial of a continuance rises to the level of a constitutional violation requires a case by case inquiry. *Id.* at 275.

In exercising discretion to grant or deny a continuance in light of constitutional concerns, trial courts may consider many factors including surprise, diligence, redundancy, due process, and materiality. *Id.* at 273. Further, in order to establish an abuse of discretion for denial of a continuance, an appellant must show that he or she has been prejudiced or that the result of the trial likely would have been different had the continuance been granted. *State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014); *State v. Eller*, 84 Wn.2d 90, 95, 524 P.2d 242 (1974).

Here, Broussard cannot show that the failure to grant a continuance prejudiced him or that the trial outcome likely would have been different had the continuance been granted. Broussard's only argument is that the denial of a continuance prevented him from calling Dr. Duris as a witness to support his theory that he did not *knowingly* fail to register as a sex offender, which is a requirement under RCW 9A.44.132. However, Broussard gave no indication before either the presiding court or the trial court that Dr. Duris's testimony would have been helpful to his defense. Instead, Broussard was unhappy with Dr. Duris's opinion and Broussard did not object when the prosecutor indicated that Dr. Duris's report would not support Broussard's defense. Without some showing of what testimony Broussard expected from Dr. Duris, Broussard cannot meet his burden of establishing that the absence of Dr. Duris's testimony prejudiced him or that the trial outcome likely would have been different if the continuance had been granted.

In addition, the trial court's denial of a continuance did not preclude Broussard from presenting his mental health defense. Broussard did present evidence and argument that he did not knowingly fail to register. The trial court heard and considered Broussard's testimony, but ultimately concluded that he did knowingly fail to register.

We hold that the trial court did not abuse its discretion in denying Broussard's requests for a continuance.

## B. DUTY TO REGISTER AS A SEX OFFENDER

Broussard asserts in his SAG that the requirement that he register as a sex offender based on his 1994 juvenile third degree rape conviction should have expired after 10 years. We treat this assertion as an argument that his conviction should be reversed because he no longer had a duty to register in 2013. He also argues that continuing to require registration after 10 years constitutes cruel and unusual punishment. We reject the first argument and decline to consider the second.

### 1. Length of Registration Requirement

In 1994, Broussard was convicted of third degree rape as a juvenile. This conviction required him to register as a sex offender. Former RCW 9A.44.130(1)(a) (1994); former RCW 9.94A.030(31)(a) (1994); former RCW 9A.44.060 (1979). Because third degree rape is a class C felony, RCW 9A.44.060(2) (1979), under former RCW 9A.44.140(c) (1991) Broussard had to spend 10 consecutive years in the community without being convicted of any new offenses before he became eligible for relief from the duty to register as a sex offender.

In 2001, less than 10 years after Broussard served his sentence for the third degree rape conviction, Broussard was convicted of third degree robbery in Oregon. After that conviction, he was convicted of multiple additional crimes between 2003 and 2012. Because Broussard has failed to spend 10 consecutive years in the community without being convicted of a new offense, he has yet to become eligible for relief from his duty to register as a sex offender.

We hold that Broussard still had a statutory duty to register as a sex offender in 2013.

2. Cruel and Unusual Punishment

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and article I, section 14 of the Washington Constitution prohibits cruel punishment. However, Broussard is not arguing that his sentence in *this* case is unconstitutional. He is challenging the effect of the sentence imposed in 1994. Because the 1994 sentence is not at issue in this appeal, we need not consider this argument.

C. MENTAL HEALTH TREATMENT AS AN ALTERNATIVE TO CONFINEMENT

Broussard argues in his SAG that based on his eligibility for federal disability for his mental health issues, we should take his disability into account and provide mental health treatment as an alternative to confinement. We treat this request as an argument that the trial court erred in not taking his disability into account during sentencing. We hold that Broussard was not eligible for mental health treatment as an alternative to confinement because he had prior convictions for a "sex offense."

Mental health treatment as an alternative to confinement is available to certain offenders under the special sex offender sentencing alternative (SSOSA). RCW 9.94A.670. However, a sex offender is not eligible for a SSOSA if the offender has a prior conviction for a "sex offense"

46077-7-II

as defined by RCW 9.94A.030(46). RCW 9.94A.670(2)(b). A "sex offense" includes a felony violation for failing to register if the person has been convicted of failing to register on at least one prior occasion. RCW 9.94A.030(46)(a)(v).

Here, Broussard had committed a "sex offense" within the meaning of RCW 9.94A.030(46)(a)(v) because he had two prior felony convictions for failing to register as a sex offender. Therefore, Broussard was not eligible for mental health treatment as an alternative to confinement under SSOSA.

D.    STATUTORY MAXIMUM SENTENCE

Broussard asserts in his SAG that his sentence to 43 months incarceration and 36 months community supervision exceeds the statutory maximum sentence for his failing to register as a sex offender. However, Broussard confuses his standard sentencing range with the statutory maximum sentence. Although the high end of the standard sentencing range for his offense was 57 months, the statutory maximum sentence is 120 months. RCW 9A.44.132(1)(b); RCW 9A.20.021(1)(b).

Broussard was sentenced to a combined 79 months incarceration and community custody, well below the statutory maximum of 120 months. Therefore, we hold that Broussard's sentence does not exceed the statutory maximum.

We affirm Broussard's conviction and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

SUTTON, J.

8